1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | | |
|---|---|---|
| DAVID SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. CV 14-1737 AJW |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | MEMORANDUM OF DECISION |
| Acting Commissioner of Social Security, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### Proceedings

On March 19, 2014, plaintiff, through his counsel of record, filed this action for judicial review.  A Case Management Order ("CMO") was filed on March 24, 2014.   [Docket Nos. 3, 7].

On October 20, 2014, plaintiff's counsel's motion to withdraw as attorney of record was granted, and plaintiff was substituted in pro se.   [See Docket Nos. 15, 20-23]. The case management deadlines in the CMO were extended to give plaintiff time "in which to retain counsel if [he] wishes or be prepared to appear pro se." [Docket Nos. 20-21].  Plaintiff was ordered to file a motion for summary judgment on or before January 14, 2015. [Docket Nos. 20-21].

Plaintiff did not file a timely summary judgment motion or take any other steps to prosecute this action.  Accordingly, an order to show cause regarding dismissal ("OSC") was filed giving plaintiff until September 14, 2015

in which to show cause, if any there be, why this case should not be dismissed for failure to

prosecute and to comply with the court's orders.  Plaintiff may attempt to show cause by filing with the Clerk of Court one or more declarations under penalty of perjury (with supporting exhibits, if needed).

**Plaintiff is cautioned that failure to respond to this order or to show good cause within the time allowed may result in the dismissal of this action with or without prejudice. <u>See</u> Fed. R. Civ. P. 41(b).**

[Docket No. 24 (emphasis in original)].   Plaintiff did not respond to the OSC within the time allowed.

### Discussion

A district court's authority to dismiss a litigant's action for failure to prosecute or to comply with court orders is well-established.  <u>See</u> Fed. R. Civ. P. 41(b)[1]; <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-630 (1962); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir.), <u>cert. denied</u>, 506 U.S. 915 (1992).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts."  <u>Link</u>, 370 U.S. at 629-630.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Prod. Liability Litig.</u>, 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors). Regardless of whether a litigant's conduct is most properly characterized as a failure to prosecute or as a failure to comply with orders, the applicable standard is the same.  <u>See, e.g.</u>, <u>Southwest Marine Inc. v. Danzig</u>, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to

---

[1]   Rule 41(b) states:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

1  prosecute), cert. denied, 523 U.S. 1007 (2001); Ferdik, 963 F.2d at 1260-1261 (failure to comply with

2  orders).

3       The first factor—the public's interest in the expeditious resolution of litigation—"always favors

4  dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California

5  Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), cert. denied, 538 U.S. 909 (2003); see In re PPA Prod.

6  Liability Litig., 460 F.3d at 1234 ("[D]ismissal serves the public interest in expeditious resolution of

7  litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the

8  action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the

9  docket.").

10       The second factor—the court's need to manage its docket—also favors dismissal.  Computer Task

11  Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) ("Where a court order is violated, the first and

12  second factors will favor sanctions . . . ."); see Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th

13  Cir. 2004) (noting that "resources continue to be consumed by a case sitting idly on the court's docket").

14

15       The third factor—prejudice to defendants or respondents—also weighs in favor of dismissal.  In the

16  absence of a showing to the contrary, prejudice to the defendants or respondents is presumed from

17  unreasonable delay.  In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (citing Anderson v. Air West,

18  Inc., 542 F.2d 522, 524 (9th Cir. 1976)).

19       The fourth factor—the availability of less drastic sanctions—also supports dismissal. Plaintiff was

20  warned that his failure to show cause or respond to the OSC within the time allowed could result in the

21  dismissal of this action with prejudice.  See In re PPA Prod. Liability Litig., 460 F.3d at 1229 (explaining

22  that "[w]arning [the plaintiff] that failure to obey a court order will result in dismissal can itself meet the

23  'consideration of alternatives' requirement."); Anderson, 542 F.2d at 525 ("There is no requirement that

24  every single alternative remedy be examined by the court before the sanction of dismissal is appropriate.

25  The reasonable exploration of possible and meaningful alternatives is all that is required.").

26       The fifth factor—the public policy favoring disposition of cases on their merits—weighs against

27  dismissal, as it always does. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (citing Hernandez v.

28

1  City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)), cert. denied, 538 U.S. 909 (2003). Despite the policy

2  favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders

3  issued by the court, "to move towards that disposition at a reasonable pace, and to refrain from dilatory and

4  evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652

5  (9th Cir. 1991)). Plaintiff has not fulfilled that obligation.

6      The five-factor test is a disjunctive balancing test, so not all five factors must support dismissal. See

7  Valley Eng'rs Inc. v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor

8  test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent"

9  to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is

10  appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

11      Prior to dismissal on the court's own motion, a pro se plaintiff should be notified of the basis for

12  dismissal and warned that dismissal is imminent. See Ferdik, 963 F.2d at 1262; West Coast Theater Corp.

13  v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). That requirement has been met.

14  **Conclusion**

15      A court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R.

16  Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the

17  circumstances, this action is dismissed with prejudice.

18  **IT IS SO ORDERED.**

19

20  September 21, 2015

21

22

23  ANDREW J. WISTRICH
   United States Magistrate Judge

24

25

26

27

28